IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

M. ABDULLA EL-AMIN,
ANTHONY LLOYD, and
JOSHUE ZEMBOWER                    *

Plaintiffs                         *

v                                  *       Civil Action No. CCB-16-1349

STEPHEN T. MOYER,                  *
J. PHILLIP MORGAN,
CONTAH NIMELY,                     *
WEXFORD HEALTH SOURCES, INC.,
and BON SECOURS HOSPITAL           *

Defendants                         *
                                  ***

# MEMORANDUM

The above-captioned civil rights complaint was filed on May 4, 2016, together with motions to proceed in forma pauperis and for appointment of counsel, ECF 2 and 5.

The pleadings are signed by plaintiffs M. Abdulla El-Amin and Anthony Lloyd, but are not signed by plaintiff Joshue Zembower. Because plaintiff's El-Amin and Lloyd are not authorized to file pleadings on Zembower's behalf, the complaint as to Zembower shall be dismissed without prejudice. He remains free to file a separate complaint on his own at a later date.

The complaint alleges that El-Amin and Lloyd were denied constitutionally adequate medical care for serious medical needs "as a money saving measure." ECF 1 at p. 8. The claims asserted by each plaintiff are more accurately characterized as possible medical malpractice claims and do not state a colorable constitutional claim under the Eighth Amendment.

El-Amin alleges that he was prescribed medication that caused serious side effects; that he was misdiagnosed with a "Mallory Weiss tear" and upper gastrointestinal bleeding; and was

not informed by staff at Bon Secours Hospital that he suffered from pneumonia and an enlarged heart. ECF 1 at pp. 6 – 17. El-Amin provides a detailed account of the treatment he received as well as an account of incorrect diagnoses being provided by medical staff both at the prison and at Bon Secours Hospital.  His account of his encounters with medical staff indicate no lengthy delay in the attempts to treat his symptoms nor any denial of medical care.  Rather, El-Amin was prescribed medication which was altered upon his report that it was not addressing his symptoms; was sent to the hospital emergently when it was discovered he was throwing up blood; and was treated for pneumonia with antibiotics when medical providers at the prison where he is confined were informed he had an infection.  To the extent any of these prescribed medications or treatments were ineffective, were the result of a misdiagnosis, or did not meet the community standard of medical care, El-Amin's claims sound in negligence or medical malpractice.  In order to state a constitutional claim under the Eighth Amendment for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it. . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999).

The claim asserted by Lloyd is that he was forced to endure a painful condition in his right elbow because defendant Dr. Contah Nimely, a physician employed by the contracted medical care provider for the Maryland Division of Correction, Wexford Health Source, Inc., incorrectly diagnosed the condition as bone spurs.[1]  ECF 1 at pp. 17 – 24.  He claims he was

---

[1]  Lloyd also alleges he has osteoarthritis through his entire body from which he has suffered for the past 15 years.  ECF 1 at p. 17.  He does not appear to base his claim for denial of medical care on this particular condition.

improperly given cortisone shots which aggravated the pain he experienced. *Id*. at p. 18. Lloyd's elbow condition was ultimately diagnosed, following an MRI, as a detached tricep muscle with a cyst at the joint for which he received surgery. He claims the sutures were left in the incision to his arm too long, causing an infection in his arm and leaving a "hole" at the surgical site. Although Lloyd's allegations in the complaint assert that nothing was done when he initially reported the injury to his elbow, the medical records presented as an exhibit belie that assertion. *See* ECF 1-2. Those records reflect an ongoing course of care, attempts at diagnosis including tests and hospitalizations, as well as surgery and aspiration of fluid from his elbow. Lloyd admits that when the surgical site became infected the sutures and cast were removed, the wound was cleaned and dressed, and an order for regular dressing changes was issued. To the extent there were misdiagnoses or malpractice involved in determining the correct course of treatment for Lloyd's elbow, the claim does not state a constitutional violation. "[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones* 145 F.3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id*. at 169 (actions inconsistent with an effort to hide a serious medical condition, refutes presence of doctor's subjective knowledge). In essence, the treatment rendered must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). On the face of the complaint, the required standard is not present.

Additionally, both plaintiffs' claims regarding defendant Stephen T. Moyer, the Secretary of the Department of Public Safety and Correctional Services, and defendant J. Phillip Morgan, the Warden of Maryland Correctional Training Center, are based on a theory of respondeat superior.  It is well established that the doctrine of respondeat superior does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).  Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).  Here the only allegation against Moyer and Morgan is that they knew of the practices in place to contain medical costs as they relate to the plaintiffs' care and failed to intervene.

The generalized claim raised by plaintiffs that the course of treatment chosen to address their medical conditions was driven by the desire to contain costs for medical care, also does not state a claim.  The right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which

may be considered merely *desirable.*" *Bowring v. Godwin,* 551 F.2d 44, 47–48 (4th Cir. 1977) (emphasis added). Plaintiffs' opinions as to the quality and efficacy of the treatment provided are not a cognizable basis for a constitutional claim regarding denial of medical care.

To the extent the claims asserted may be brought in state court as medical malpractice claims, the complaint as to El-Amin and Lloyd shall be dismissed without prejudice by separate order which follows. Additionally, plaintiffs' motion to proceed in forma pauperis shall be granted and the motion for appointment of counsel shall be denied.

May 16, 2016                                                /S/
Date                                                         Catherine C. Blake
                                                             United States District Judge